Reese, J.
delivered the opinion of the court.
This is an action on the case for a nuisance in overflowing the land of plaintiff by means of the back-water of defendants’ mill-dam. Some years since the plaintiff, being owner of ten acres of ground, built thereon a mill in partnership and conjunction with one Owen. Plaintiff did not then own the land above the mill; it belonged to a stranger; but the dam constructed by him and Owen overflowed the land above, and such overflow was necessary to the useful and profitable operation of said mill. After the construction of the mill and dam, and the use of it for some time, the plaintiff sold and by deed conveyed the ten acres of land, with the mill and appurtenances, to said Owen, who subsequently sold and conveyed to one Brown. Plaintiff then purchased the land above the mill, a portion of which was thus overflowed with water. Brown died; his heirs were minors; and one Johnson, who, wa.s his administrator,, took possession of *478 the mill. During this time the plaintiff- brought against said -Johnson an action for a nuisance, on the ground of the overflow of his lands by means of the said mill, and recovered a verdict and judgment. Brown’s heirs subsequently sold and conveyed the mill to the defendants, or some of them. On the trial of the cause before the jury the deeds of conveyance for the land and mill were produced and read, but are not copied or set out in the bill of exceptions. The record of the former suit against Johnson was produced and read. The bill of exceptions sets forth much testimony on both sides? and of a conflicting character, touching the value and extent of the supposed nuisance, the conduct of the parties, and the circumstances of the case; but it does not purport to set out all the testimony in the case, nor does it state that all is set out. With regard to the charge of the court, the bill of exceptions states that “it is admitted to have been correct and full except in the two following points: the court charged the jury that the aforesaid record of the recovery against Johnson was not evidence for any purpose unless it appeared that he had some interest in the land at the time of the suit; and the court also charged the jury that the defendants had a right to maintain their dam as high as the dam of the old mill built by the plaintiff was at the time when he sold to the person under whom the defendants claim.”
A verdict was rendered for the defendants, which the court refused, on the motion of the plaintiff, to set aside. The plaintiff has prosecuted his writ of error to reverse the judgment, because a new trial was not granted for the supposed misdirection of the court, and on the ground of alleged misconduct of the jury set forth in certain affidavits annexed to the bill of exceptions.
1. Is there error in what is said by the court on the subject of the record of the suit against Johnson? It is argued that there is, because it is said that although there appears to have been no interest on the part of Johnson in the premises, nor any privity hi estate, or other privity between him and the defendants, so that the record could be evidence against them to prove or establish the nuisance as a matter of fact, still that every record is competent to prove the fact of its *479 own existence, and to establish ihe legal consequence resulting from such existence; and that one legal consequence re- - suiting from the existence of the record referred to is to prevent the defendants from insisting upon a prescriptive right to the easement in question, arising from lapse of time and the undisturbed enjoyment of the easement or upon a presumption of grant or license. To this it is replied that the record does not show that the land in question was granted; that to give operation to the statute of limitations it is necessary that the land should he granted, and that the prescriptions and'presumptions in analogy 'to the statute of limitations must arise and be founded upon the same fact, namely, that the land is granted land. And it might further be replied that the record does not in other respects show a state of facts upon which this defence from prescription or presumptions would arise.'1 And the bill of exceptions states that the charge was full and satisfactory except in the particulars above recited; the latter of which it could not have been if the defendants had got any such advantage on the subject of presumption and prescription, as affected by the Johnson record, as is now intimated they might have done.
2. Is there any error in that part of the charge of the court which states the right of the defendants as against the plaintiffs to maintain their mill-dam at the same height as when he conveyed it to those under whom the defendants claim? It is said to be error because the record does not show that the deed from the plaintiff contained a covenant of general warranty. 'But it is answered that it does not show the contrary, and that it is the business and duty of those who allege error in the charge of the court or the proceedings below to show by the record that it existed. It is said that the water which overflowed the land of a stranger at the time of plaintiff’s conveyance, though an easement and appurtenance of the land and mill, yet being a wrong to such stranger, did not pass by the deed. The right of the stranger did not pass, possibly; but as between the bargainor and bargainee it did pass- And when such bargainor buys of the stranger he is estopped by his previous deed, and cannot, as the stranger could, complain of such easement, or detach such appur *480 tenance Rom the possession and enjoyment of his bargainee. -The-matter contained in thfe affidavits constitutes no ground, in our opinion, for reversal. We therefore affirm the judgment.